THE STATE OF NEW JERSEY, EX REL. RALPH PELLEC-
CHIA, RELATOR, v. VIRGINIUS D. MATTIA, DEFEND-
ANT.

Submitted May 4, 1937—Decided August 4, 1937.

Before BROGAN, CHIEF JUSTICE, and Justices TRENCHARD and PARKER.

For the relator, *Bilder, Bilder & Kaufman* (*Samuel Kaufman* and *Daniel G. Kasen,* of counsel; *Morris M. Schnitzer,* on the brief).

For the defendant, *Frank A. Boettner* (*Jules E. Tepper,* of counsel; *Joseph A. Ward* and *Ferdinand D. Masucci,* on the brief).

BROGAN, CHIEF JUSTICE.    To the information, in the nature of a *quo warranto,* filed pursuant to section 4 of the act (*Pamph. L.* 1903, *p.* 375), the respondent filed a plea and issue was joined by a reply.    The *postea* embodies the facts which the parties have stipulated.

The relator, Mr. Pellecchia, claims that he has been unlawfully discharged from the office or position of *acting receiver* of taxes of the finance department of the city of Newark. The respondent, Mr. Mattia, does not hold such post, *eo nomine,* but was appointed to the office of *receiver* of taxes, which presently he holds.

The city of Newark is governed by the provisions of the Commission Government act (chapter 221, *Pamph. L.* 1911, as supplemented and amended).    The governing body, in 1913, by virtue of chapter 106, *Pamph. L.* 1902, *p.* 283, adopted an ordinance under the provisions of which, as it seems, the office of receiver of taxes was created and the term fixed at three years.    It further appears that on May 16th, 1933, at what was apparently the organization meeting of a new governing body of the city of Newark, the several boards or bodies making up the necessary municipal structure were allocated to the several departments created by the Commission Government act, *supra,* and among those placed in the department of revenue and finance was the office of tax receiver. By resolution, all "the executive, administrative, judicial and legislative authority and duties given by any statute, charter

or ordinance," relating to the several offices allocated to the department of revenue and finance, were vested in the director of that department.

On the same day, Joseph Pascal was, by resolution of the governing body, appointed *acting* receiver of taxes. A week thereafter he tendered his resignation and on July 17th, 1933, the director of revenue and finance notified the city clerk that he had appointed the relator to the position of *acting* receiver of taxes. It is admitted that there is no ordinance of the city of Newark which creates the office or position of *acting* receiver of taxes and it is stipulated that the relator does not claim the office of receiver of taxes, which office the respondent holds. Relator did hold, until discharged, either a position (as it was called in the letter notifying the city clerk of his appointment) or even perhaps a mere employment, we need not decide which. *Fredericks* v. *Board of Health,* 82 *N. J. L.* 200.

From the time of his appointment in 1933, and until the 15th day of October, 1936, the relator performed certain duties in the department of revenue and finance of the city, namely, collecting current and delinquent taxes on real and personal property, filing proofs of claim for unpaid taxes against individuals or corporations adjudged insolvent, and the like, and in this connection supervised a staff of forty to fifty persons who were under him. On the date last mentioned, a new director in the meantime having been designated as commissioner of revenue and finance, the relator was notified by him that he was "dismissed from his employment and that the said employment was terminated." On the following day the respondent was "appointed to the office of receiver of taxes" for a term of three years.

The relator does not claim that he was entitled to a three year term fixed by the 1902 statute, *supra,* for the office of receiver of taxes. If he did, he would have no present claim, since he served in the department for some months longer than that period and, in any event, no particular term can be said to attach as to an office when there is no such office. But he does claim that his tenure was co-extensive with the

term of the governing body and that he could not lawfully be dislodged except for cause and after hearing until a new governing body was elected, which election did not take place until some months after his dismissal. The relator was not appointed by resolution; it was probably by verbal notice. The only formality attending it was a letter from the director to the city clerk, notifying that official of the fact that the relator had been appointed to a "position" and another letter to the acting auditor fixing the compensation. No term was mentioned.

The information does not attack the right of the respondent to hold the office of *receiver* of taxes except by indirection in the charge that the occupancy of that office by respondent has prevented relator from performing the work he formerly did. Nor does the relator claim that the occupancy of the office by respondent is illegal. Even if it were illegal that fact would avail the relator not at all since he must show title to the office in himself rather than lack of title in the incumbent. *Cf. Toomey* v. *McCaffrey,* 116 *N. J. L.* 364, and cases cited therein.

Getting back to fundamentals, the writ of *quo warranto* is a prerogative writ, now a writ of right by statute, in cases of contest over the right to a municipal office, commanding the respondent to show by what right (*"quo warranto"*) he exercises the franchise or holds the office in question. In our view, this relator has mistaken his remedy in the premises, if remedy he has. Admittedly, he does not seek the office which the respondent holds. Conceding as he does that no ordinance of the municipal body ever created the post he formerly held, it is difficult to perceive upon what theory he challenges the respondent's right to hold an office created by ordinance passed on the authority of the statute of 1902, *supra.* It may be that his rights were invaded by peremptory dismissal and if they were he has his remedy, but certainly not by way of *quo warranto. Harris* v. *Corker,* 89 *N. J. L.* 31; *Benson* v. *Weiler,* 6 *N. J. Mis. R.* 465.

The information should be dismissed.

Judgment for the respondent, with costs.